THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. JOHN C. CHAPMAN, DEFENDANT-APPELLANT.

Argued September 22, 1964—Decided October 19, 1964.

*Mr. Donald L. Mantel* argued the cause for appellant (*Messrs. Mantel & Mantel,* attorneys).

*Mr. Dominick A. Mirabelli,* Assistant Prosecutor, argued the cause for respondent (*Mr. H. Douglas Stine,* Union County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant was convicted in a municipal court of violating *N. J. S. A.* 39:4–50 (driving under the influence of intoxicating liquor). He appealed to the county court where, upon a trial *de novo* on the stenographic record of the municipal court proceedings, he was again convicted. We certified his further appeal before the Appellate Division considered it.

With respect to guilt, the issue was purely factual. Defendant was found intoxicated at the wheel of the vehicle, standing with motor off at a position other than a normal one for parking. The evidence warranted a finding that he drove the car and did so while under the influence of alcohol. Defendant's explanation that he was cut off by another car and was so unnerved by the near-miss that he consumed some liquor on the spot from a bottle that somehow disappeared, was quite incredible. The trier of the facts was not obliged to accept that testimony merely because there was no live witness to dispute it.

Defendant says he was denied due process of law and equal protection of the law because the trial *de novo* in the county court was on the stenographic record of the trial in the municipal court. *R. R.* 8:7–5 provides that on the request of any party, the magistrate shall permit the proceedings to be recorded by a shorthand reporter or by a sound device and further that the magistrate may himself provide for such record if local government has furnished the necessary funds or facilities. *R. R.* 3:10–10 provides that if such stenographic record or sound recording was made, the trial *de novo* upon

appeal shall be on the basis of the transcript, and if no such record was made, then there shall be a plenary trial *de novo*.

██ Defendant did not object in the county court to the trial *de novo* on the basis of the transcript and hence he can hardly complain at this late date. At any rate, there is no substance to the constitutional issues. As to due process, surely fundamental fairness does not require a plenary retrial on appeal. And as to equal protection of the law, there is no invidious discrimination. The aim of the cited rules is to encourage a review upon the record of the municipal court, the very review defendant here had. *R. R.* 3:10–10, however, recognizes that as a practical matter a stenographic or sound record may not be available. Since in that situation it is difficult to provide a meaningful factual retrial on a statement prepared by a magistrate from his notes or recollection, the rule authorizes a new record to be made upon the appeal. This approach, being thoroughly reasonable, does not spawn an invidious classification between a defendant whose trial was recorded in the municipal court and a defendant whose trial was not.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—None.