118 N.J. Super. 501 (1972)
288 A.2d 861
WALTER C. BLASI, ESSEX COUNTY SUPERVISOR, PLAINTIFF-APPELLANT,
v.
JOSEPH N. EHRET, DIRECTOR OF THE DIVISION OF LOCAL GOVERNMENT SERVICES OF THE STATE DEPARTMENT OF COMMUNITY AFFAIRS, AND ESSEX COUNTY BOARD OF CHOSEN FREEHOLDERS, A BODY POLITIC OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 1972.
Decided March 20, 1972.
*502 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Myron W. Kronisch argued the cause for appellant (Messrs. Kronisch & Felzenberg, attorneys).
Mr. Francis Patrick McQuade, Essex County Counsel, argued the cause for respondent Essex County Board of Chosen Freeholders.
Mr. Richard L. Kadish, Deputy Attorney General, argued the cause for respondent Joseph N. Ehret, Director of the Division of Local Government Services of the State Department of Community Affairs (Mr. Anthony F. LaBue, Deputy Attorney General, on the brief; Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
PER CURIAM.
We question whether or not the issue posed by appellant is properly before us on this appeal. However, in view of the emergent situation presented, we will decide the issue using such original jurisdiction as is necessary. R. 2:10-5.
We conclude that the county supervisor does not have veto power over the approval and adoption of the county budget by the board of freeholders. The statute on which he relies, 40A:9-40, giving him the power to veto "every resolution or ordinance" adopted by a board of freeholders is general legislation relating to county government. On the other hand, the Local Budget Law, N.J.S.A. 40A:4-1 et seq., is specific legislation dealing only with local budgets. The statute sets forth in detail the contents, the procedure for adoption and time schedule for a budget. It makes no mention of a county supervisor and does not confer on him any power or control over a budget. It specifies that a budget shall be introduced, approved, amended and adopted by *503 resolution passed by not less than a majority of the governing body, here the board of freeholders. Only the State Director of the Division of Local Finance, to whom a county budget must be submitted, is given power to review and approve or disapprove a county budget.
Accordingly, we conclude that the two statutes cannot readily be harmonized. For example, the Local Budget Law requires introduction, approval, amendment and adoption of a county budget only by a majority of the full membership of the governing body. By contrast, the veto provision of the county supervisor legislation requires a two-thirds majority to override a supervisor's objections. When there is a conflict between a general and a specific act on the same subject matter, the latter shall prevail. W. Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336, 339 (1970). See also, Cuprowski v. Jersey City, 101 N.J. Super. 15, 28 (Law. Div. 1968); aff'd 103 N.J. Super. 217 (App. Div. 1968).
Affirmed.