125 N.J. Super. 478 (1973)
311 A.2d 753
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LOUIS DE VITO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 13, 1973.
Decided November 19, 1973.
Before Judges CARTON, SEIDMAN and GOLDMANN.
Mr. Stephen Apollo, attorney for appellant.
*479 Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney for respondent (Mr. Willard E. Byer, Jr., Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was found guilty in municipal court of driving while under the influence of intoxicating liquor. His driver's license having been suspended for two years and a $200 fine imposed, he appealed to the County Court where, after a trial de novo on the record below, he was again found guilty and the same sentence imposed. The judgment was stayed pending the outcome of an appeal to this court.
The claim that the finding of guilt was against the weight of the evidence is without merit. There is sufficient credible evidence in the whole of the record to support the conviction.
There is also no merit in the claim that admission into evidence of the results of the breathalyzer test should have been excluded because there was no proper proof that the test control ampoule was accurate. In the first place, there was more than enough in the record to find defendant guilty, without considering this argument. But dealing directly with the claim now made, the State proved that the breathalyzer equipment was in proper working order and that a qualified operator administered the test. Defendant therefore centers his argument upon the ampoule.
The ampoule was sealed; only by breaking it open could a chemist determine that its contents were properly prepared. The trooper who checked the equipment by using a test ampoule shortly before and after defendant was tested, found the breathalyzer accurate within tolerable limits. The ampoule used by the trooper was a random unit supplied by the same laboratory. This spot check was enough. As was pointed out in State v. Baker, 56 Wash.2d 846, 855, 355 P.2d 806, 811 (Sup. Ct. 1960), the random ampoule was sufficient prima facie proof that the chemicals in any one *480 ampoule were of the proper kind and mixed to proper proportion. See also, State v. Kruger, 99 Ill. App.2d 431, 438-439, 241 N.E.2d 707, 711 (App. Ct. 1968).
Affirmed.