130 N.J. Super. 73 (1974)
325 A.2d 353
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EARLY DICKENS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 9, 1974.
Decided July 25, 1974.
*75 Before Judges FRITZ, LYNCH and MICHELS.
Mr. Christopher D. Armstrong argued the cause for appellant (Messrs. Armstrong & Little, attorneys).
Mr. Steven Leonard Strelitz, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. David S. Baime, Deputy Attorney General, of counsel).
The opinion of the court was delivered by MICHELS, J.A.D.
Defendant was found asleep in his automobile on the shoulder of Interstate Highway 287 in Piscataway Township, New Jersey, in the early hours of March 25, 1973 by a State Trooper. Defendant was alone in the automobile. The headlights were on, and the engine was running. After the state trooper was finally able to awaken defendant, he was arrested for operating a motor vehicle under the influence of intoxicating liquor, contrary to the provisions of N.J.S.A. 39:4-50(a). Defendant was found guilty of the charge in the Piscataway Municipal Court. *76 His driver's license was suspended for two years, and he was fined $200. He appealed to the Middlesex County Court where, after a trial de novo on the record below, he was again found guilty, and the same sentence was imposed. He appeals to this court, contending in substance that (1) he was wrongly convicted because the State failed to adduce evidence to show that the offense was committed in the presence of the arresting officer, as required by N.J.S.A. 39:5-25, and that the State failed to prove beyond a reasonable doubt that he was operating his vehicle in violation of the provisions of N.J.S.A. 39:4-50(a), and (2) the trial court erred in admitting the results of the Breathalyzer test into evidence because the test ampoules used in the test were not made available to him for inspection.

I
Defendant contends that since no violation of N.J.S.A. 30:4-50(a) occurred in the arresting officer's presence, there was no valid arrest, and the State therefore should have been precluded from relying on any evidence derived from the illegal arrest, including, we assume, the results of the Breathalyzer test. This argument is completely without merit.
N.J.S.A. 53:2-1 empowers members of the State Police "to make arrests without warrant for violations of the law committed in their presence." The Motor Vehicle Act similarly requires that violations thereof occur in the "presence" of the arresting officer to justify or substantiate a warrantless arrest. N.J.S.A. 39:5-25. The word "presence" used in these acts "sums up the requirement that the officer know of the event by the use of his senses." State v. Smith, 37 N.J. 481, 495 (1962), cert. den. 374 U.S. 835, 83 S.Ct. 1879, 10 L.Ed.2d 1055 (1963). To satisfy the "presence" requirement, an arresting officer need not be a witness to the offense. An arrest may be made on the admission of the offender to the arresting officer, even though *77 without the admission the officer would not have any knowledge of the offense. See State v. Morse, 54 N.J. 32 (1969), wherein our Supreme Court expressly pointed out the purpose of the "presence" requirement involving an arrest for an offense of the type here involved, as follows:
* * * Yet the danger of a mistaken arrest is equally obviated when the officer, although not a witness to the offense, learns from the lips of the offender that he committed it. The officer then knows everything his senses could have gathered. So it has been held that an arrest may be made on the person's admission to the arresting officer even though without the admission the officer could not know of the offense. [Citations omitted]

* * *
* * * We added that it should not matter if the offense revealed by the offender is a past event. The reason for the requirement of "presence" being to avoid mistaken arrests, the admission of the offender should be enough whether the offense is in progress or has been concluded. [Citations omitted]
We see nothing unreasonable in an arrest made upon the basis of the individual's own statement. Indeed it may be absurd to let the offender go when the chances of finding him thereafter are remote. [at 36]
In State v. Macuk, 57 N.J. 1 (1970), the Supreme Court upheld a warrantless arrest of the defendant for drunken driving, where defendant admitted to the arresting officer that he had been driving the car and identified himself and admitted that he had been drinking. Defendant in the case before us admitted to the state trooper that he had been drinking in a bar in Rahway and that thereafter he drove his car to take someone home to Piscataway. He told the state trooper that he did not feel too well and therefore stopped. The evidence compels the conclusion that the offense with which defendant was charged and for which he was arrested was committed in the state trooper's presence within the meaning of N.J.S.A. 39:5-25, and that the arrest was valid. The evidence adduced as a result thereof, including the results of the Breathalyzer test, was properly admissible.
Furthermore, defendant is precluded from raising the issue that the evidence adduced by the arrest is inadmissible *78 on appeal for the first time, since he failed to move in advance of trial to suppress such evidence in accordance with the rules of court and offered no justification for his failure to do so. See R. 3:5-7; State v. DiRienzo, 53 N.J. 360, 384 (1969); State v. Swiderski, 94 N.J. Super. 14 (App. Div. 1967).
Defendant's further argument that the State failed to prove that he intended to operate his automobile, as required by State v. Daly, 64 N.J. 122 (1973), is equally lacking in merit. At the outset, defendant's reliance on State v. Daly, supra, is completely misplaced since the facts there involved are readily distinguishable from the facts of this appeal. Defendant was not found in a car in a tavern parking lot shortly after the closing of the tavern where he had been drinking, as was the case in State v. Daly, supra. Cf. State v. Sweeney, 40 N.J. 359 (1963). Defendant was found in his automobile on the shoulder of a superhighway, which could have only been reached by operation of the automobile to the point where it was found. Defendant admitted that he had been drinking in a bar in Rahway, and admitted that he was driving his car to take someone home to Piscataway when he did not feel well and stopped by the side of the road. Defendant was not in a place which was normal for parking. Furthermore, when defendant was finally aroused from his "deep sleep," according to the state trooper he asked, "what did he hit?" The inference is inescapable that defendant was in fact operating his motor vehicle while under the influence of intoxicating liquor. See State v. Chapman, 43 N.J. 300, 301 (1964); State v. Baumgartner, 21 N.J. Super. 348, 349-350 (App. Div. 1952); State v. Damoorgian, 53 N.J. Super. 108, 114 (Cty. Ct. 1958). There was, therefore, sufficient credible evidence in the record to support the trial judge's finding that defendant had operated a motor vehicle in violation of N.J.S.A. 39:4-50(a). See State v. Johnson, 42 N.J. 146, 161-162 (1964).

*79 II
Defendant's contention that the trial court erred in admitting the results of the Breathalyzer tests into evidence because the test ampoules were not made available to him for inspection is equally without merit. In the first place, there was more than enough evidence in the record to find defendant guilty of driving while under the influence of intoxicating liquor in violation of the provisions of N.J.S.A. 39:4-50(a) without considering the Breathalyzer readings. Secondly, the record indicates that defendant failed to make a timely objection to the admissibility of the Breathalyzer results, raising the objection only after the conclusion of the trial de novo on the record in the County Court. Accordingly, the alleged error in this regard will not be considered since it does not qualify as plain error. R. 2:10-2; State v. Macon, 57 N.J. 325, 333 (1971). Defendant contends that he was relieved from the necessity of making an objection because the state trooper testified that the ampoules used in the test were destroyed and consequently any objection would have been futile. This argument is totally unavailing. The operator of the Breathalyzer instrument is required to dispose of each test ampoule at the conclusion of the examination, pursuant to N.J.A.C. 13:51-3.5, and the law is well settled that the spot checking of a random ampoule is sufficient prima facie proof that the chemicals in the test ampoule were of the proper kind and mixed to proper proportion. See State v. DeVito, 125 N.J. Super. 478 (App. Div. 1973); State v. Baker, 56 Wash.2d 846, 855, 355 P.2d 806, 811 (Sup. Ct. 1960). Thus, any alleged error would have been solely with respect to the failure of the State to establish the spot checking of the lot of ampoules and not with respect to the checking of the particular test ampoule. Had this objection been timely made, the State would have had an opportunity to cure any such alleged defect and to present evidence that the chemicals in the test ampoule were of the proper kind and mixed to proper proportion. We therefore *80 conclude that no error, much less plain error, was committed by the trial judge in admitting the evidence of the Breathalyzer readings.
Accordingly, the judgment of conviction below is affirmed.