174 N.J. Super. 460 (1980)
416 A.2d 975
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DOUGLAS WOJTKOWIAK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1980.
Decided June 19, 1980.
Allen A. Etish argued the cause for appellant (Greenberg, Shmerelson, Weinroth & Etish, attorneys).
George Ciszak, Deputy Attorney General, argued the cause for respondent (John J. Degnan, Attorney General, attorney; Stephen H. Monson, Deputy Attorney General, on the brief).
*461 Before Judges MATTHEWS, ARD, and POLOW.
PER CURIAM.
Defendant was convicted in the Burlington Township Municipal Court of speeding (N.J.S.A. 39:4-98). He appeared pro se in the municipal court but retained counsel for his subsequent appeal to the Law Division.
The case was tried de novo before Judge Wells in the Law Division, and he filed an opinion which is reported at 170 N.J. Super. 44. Defendant, through counsel, asserted the unreliability of the K-55 Radar device which clocked his speed and was the basis for his conviction in the municipal court. Judge Wells refused to accept the argument since he found that defendant had failed to raise the issue before the municipal court. However, relying on R. 3:23-8(a) he determined to hold a "plenary trial de novo" on the issue of reliability of the K-55 Radar.
Because defendant, unrepresented below, did not raise it, and because both defendant and the State, on this appeal, advised the court that questions about the reliability of the K55 were affecting the administration of justice in the municipal courts, the court believed limited reopening of the record was warranted. R. 3:23-8(a) authorizes the appellate court to hold a "plenary trial de novo without a jury" where "the rights of the defendant were prejudiced below." Because prejudice to defendant could only have arisen from the municipal judge's unchallenged assumption of reliability of the K55, the trial de novo is limited to that issue. All other matters will be decided on the record below. [170 N.J. Super. at 45.]
A plenary trial on the issue was in fact conducted before Judge Wells and that record is commented upon and evaluated in a comprehensive opinion which is reported as cited above. Defendant was found guilty on the trial de novo.
While it is stated by Judge Wells that defendant consented to the proceedings as they were conducted in the Law Division, we believe that the record discloses that the "consent" was not of such voluntary nature so as to give validity to the procedure followed. In fact, defendant did raise the issue of reliability in the municipal court albeit in layman's terms. Moreover, a fair reading of his comments to the municipal court judge certainly demonstrates that he was challenging the reliability of the instrument. Since this is so, defendant's conviction could not be supported by the finding of reliability made by Judge Wells in the Law Division. State v. Tropea, 78 N.J. 309 (1978); State v. Musgrave, 171 N.J. Super., 477 (App.Div. 1979).
*462 While we vacate defendant's conviction, we believe it to be in the public interest for us to review the materials and testimony presented to Judge Wells in the Law Division with respect to the reliability of the K-55 Radar. We do so by exercising original jurisdiction, N.J.Const. (1947), Art. VI, § V, par. 3; R. 2:10-5; Blasi v. Ehret, 118 N.J. Super. 501, 502 (App.Div. 1972); State v. South, 136 N.J. Super. 402, 408 (App.Div. 1975), certif. den. 69 N.J. 387 (1976). In addition to examining the record made before Judge Wells, we undertook to have the K-55 Radar demonstrated to us by Sergeant First Class Hale of the New Jersey State Police who is fully knowledgeable of the radar and also conducts courses for State Police personnel in the operation of the K-55. Our purpose in obtaining the demonstration, which included operation of the device in a moving vehicle, was better to understand the evidence produced before Judge Wells. The demonstration was, in our judgment, analogous to a "view." See N.J.S.A. 2A:77-1; Bancroft Realty Co. v. Alencewicz, 7 N.J. Super. 105, 109-110 (App.Div. 1950); State v. Coleman, 46 N.J. 16, 25 (1965), cert. den. 383 U.S. 950, 86 S.Ct. 1210, 16 L.Ed.2d 212 (1966).
Our examination of the record before Judge Wells as illuminated by the demonstration given to us by Sergeant Hale, whose knowledge and studious objectivity contributed greatly to our understanding of the matters contained in the record, satisfies us that Judge Wells correctly concluded, and we now conclude, that the K-55 Radar is completely reliable as a speed measuring device provided that it is properly operated by an individual who is competent to operate the radar after having been trained in its use. In support of this conclusion we incorporate into this opinion that portion of Judge Wells' opinion which is reported on page 170 N.J.Super 48, through the first three lines of page 62.[*]
*463 In future cases involving the use of the K-55 Radar as the speed measuring device, the State should adduce evidence at the municipal court level as to (1) the specific training and extent of experience of the officer operating the radar, (2) the calibration of the machine in which at least two external tuning forks both singly and in combination should be employed, and (3) the calibration of the speedometer of the patrol car in cases where the K-55 is operated in the moving mode. We are also satisfied that the radar should be operated in the manual position at all times.
We must emphasize that it is readily apparent that while the K-55 Radar is an accurate and reliable tool for the measurement of speed, its accuracy and reliability in any case are no better than the skill of the person operating the radar. We make this emphasis as a warning to all police departments to the end that proper courses of instruction be developed before the K-55 Radar device is employed in any municipality. We are satisfied that such a program presently exists in the Division of State Police.
Defendant's judgment of conviction in the Law Division is reversed.
NOTES
[*] On page 49 of 170 N.J. Super., Judge Wells refers to a formula. That formula is probably a simplified version used by the expert during his testimony. The full and correct equation appears to be:
 (c + 2 v[r])
 f[dop] = ____________ f,
 (c + 2 v[s])

where f[dop] is the returning frequency, f is the source frequency, v[r] is the velocity of the reflector, v[s] is the velocity of the source, and c is the speed of light. For stationary sources (where v[s] is zero) the equation becomes
 (c + 2 v[r])
 f[dop] = ____________ f,
 c