223 N.J. Super. 485 (1988)
538 A.2d 1321
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILIP DOHME, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 16, 1988.
Decided March 11, 1988.
*486 Before Judges PETRELLA and DREIER.
Vernon & Aaron, attorneys for appellant (Robert A. Weir, Jr., on the brief).
*487 John Kaye, Monmouth County Prosecutor, attorney for respondent (Mark P. Stalford, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendant appeals from a conviction of driving while under the influence, N.J.S.A. 39:4-50. His car had been observed skidding into a 360° turn as it approached the Eatontown traffic circle.[1] When the officer approached the car, he noted a strong smell of alcohol and defendant fumbling. Defendant admitted to having had a few drinks. Defendant was arrested and taken to headquarters where two breathalyzer tests as well as alternative sobriety tests were administered. Unfortunately, the videotape was lost at the time of the retrial in the Law Division, but the Law Division judge accepted the municipal court judge's findings that defendant substantially performed the alternative sobriety tests. Defendant's problem reciting the alphabet noted both at the site of the accident and at headquarters was explained by defendant having problems saying the alphabet, and a swaying and bending problem was attributed to defendant's physical condition. But on the basis of the two breathalyzer tests which had indicated readings of .16 and .17% defendant was again convicted in the Law Division.
Defendant challenges the tests here because there was no showing of a random sampling of ampoules to demonstrate that they were properly constituted. Two certificates of the breathalyzer machine's operability were admitted into evidence.[2] At *488 our request, the State has searched for, found, and given us a copy of the certificate that was in existence at the time of trial. It shows that there had been a proper random testing of the ampoules. The certificate had not been produced at trial through the oversight of the State and the erroneous ruling of the trial judge that such proof was not necessary.
The question before us, therefore, is whether proof of such a sampling and testing certificate concerning the ampoules is a prerequisite for the admission of breathalyzer results, and further whether lack of such proof is a defect which, upon timely objection, cannot be later cured after the trial has ended.
We have found but two cases in New Jersey dealing with the random sampling of ampoules. In State v. DeVito, 125 N.J. Super. 478, 479-480 (App.Div. 1973), this court held that random or spot checking of ampoules is sufficient to uphold a breathalyzer finding. That case, however, did not involve the presentation of any certificate either at or after trial. More to the point is State v. Dickens, 130 N.J. Super. 73, 79-80 (App. Div. 1974). There, the defendant had contended that the test ampoules had not been made available to him for inspection. The court found this argument to be totally unavailing and then established how the spot checking of ampoules should be proven:
[T]he law is well settled that the spot checking of a random ampoule is sufficient prima facie proof that the chemicals in the test ampoule were of the proper kind and mixed to proper proportion. See State v. DeVito, 125 N.J. Super. 478 (App.Div. 1973); State v. Baker, 56 Wash.2d 846, 855, 355 P.2d 806, 811 (Sup.Ct. 1960). Thus, any alleged error would have been solely with respect to the failure of the State to establish the spot checking of the lot of ampoules and not with respect to the checking of the particular test ampoule. Had this objection been timely made, the State would have had an opportunity to cure any such alleged defect and to present evidence that the chemicals in the test ampoule were of the proper kind and mixed to proper proportion. [130 N.J. Super. at 79; emphasis supplied].
*489 In Romano v. Kimmelman, 96 N.J. 66, 81 (1984), the Supreme Court stated that for admission of breathalyzer test results into evidence the State must establish that the equipment was in proper order, that the operator was qualified, and that the test had been given correctly. The Court noted that the testing of the instrument involves both its chemical and electrical components. Although the ampoule certificate was not specifically mentioned, a fair reading of the case implies that all components be "periodically inspected in accordance with accepted procedures." Ibid. Since this case was decided ten years after State v. Dickens, supra, it must be assumed that the Supreme Court was aware of the required testing procedures for the ampoules used in the breathalyzer machine, a procedure the Supreme Court described in detail at 96 N.J. 79-80.
The case before us is not one where the trial judge required the proof of testing and the State indicated that it could not prove the requisite facts. In such a case the breathalyzer results would have been inadmissible, and a motion for acquittal under R. 3:18-1 would have been in order. Defendant was convicted both in the municipal court and Law Division by judges who assumed that the certificate of ampoule testing was unnecessary, notwithstanding the timely objection made by defense counsel on the basis of State v. Dickens, supra. The certificate was merely a prerequisite to the receipt of the substantive evidence of the breathalyzer readings upon which the conviction was based. The State had not yet rested. Had the ruling been made that the certificate was required, it could have been secured and brought to court. The correction of this error at a new trial flows, not from the State's inability to produce a prima facie case against defendant at the original trial, but rather from the judge's erroneous ruling that the proof was unnecessary. There are, therefore, no double jeopardy ramifications if a new Evid.R. 8 hearing is ordered limited to the admissibility of the breathalyzer results.
*490 While we envision no question of credibility, and defense counsel has not here taken issue with the certificate's existence and its underlying validity, there has been no evidential examination of the proof. But although we are empowered by R. 2:10-5 to "exercise such original jurisdiction as is necessary to the complete determination of any matter on review," unless the validity of the certificate is stipulated by defendant, we should not supply this missing element, since we are not equipped for evidential review.
If the validity of the testing described in the certificate is now stipulated, we can, in view of our broad grant of original jurisdiction, correct the error.[3] In such a case, we merely affirm the conviction.
If there is no such stipulation, we must remand the matter for a new Evid.R. 8(1) hearing in the municipal court at which the State may produce proof of admissibility of the breathalyzer supplemented by the certificate or other proof of random testing of the ampoules.[4] Since the municipal judge has already found defendant guilty and the certificate cannot change the weight already given to the breathalyzer results, a new finding of ampoule testing will cure the error. If the additional *491 proof is found insufficient by the judge, defendant must be acquitted.
We will but briefly comment upon defendant's separate due process claim. Defendant asserts that he was denied due process by the loss of the videotape in question prior to his trial de novo. This claim has no merit, since it is clear that defendant was not convicted on the basis of any alternative evidence presented by the videotape. In fact, the municipal court judge stated that based upon what he had seen on the videotape he would not have convicted the defendant. The Law Division judge accepted these findings. Both, however, found themselves bound by the Appellate Division opinion in State v. Tischio, 208 N.J. Super. 343 (App.Div. 1986), aff'd 107 N.J. 504 (1987), app. dism. ___ U.S. ___, 108 S.Ct. 768, 98 L.Ed.2d 855 (1988). Although both trials were held prior to the Supreme Court's affirmance in Tischio, both trial judges' decisions were in accord with the Supreme Court's later statement that
the statute prescribes an offense that is demonstrated solely by a reliable breathalyzer test administered within a reasonable period of time after the defendant is stopped for drunk driving, which test results in the proscribed blood-alcohol level. [107 N.J. at 522].
Defense counsel shall notify the Clerk of the Appellate Division within 20 days of this decision if he stipulates the sufficiency of proof of the ampoule testing proffered by the State. If the stipulation is entered, defendant's conviction is affirmed. If the stipulation is not received by the Clerk within the time specified, the matter is remanded to the municipal court of the Borough of Eatontown for a new Evid.R. 8(1) hearing on the admissibility of the breathalyzer results. If defendant further appeals from the result of that finding, we retain jurisdiction over the matter so that this case can finally be brought to an expeditious conclusion without the necessity of intermediate appellate review. Defendant shall seek review within 10 days of the announcement of the judge's decision. He shall immediately order an expedited transcript and apply to this court for an accelerated briefing schedule.
*492 Affirmed if a stipulation is received within 20 days; otherwise remanded for further hearing, the result to abide the conclusion of that hearing. Jurisdiction is retained over any subsequent appeal.
NOTES
[1] The skidding apparently was due to a mechanical malfunction in the car's cruise control system and brakes, and therefore defendant was acquitted of a companion charge of reckless driving.
[2] The State in its brief states that "these certificates indicate the ampules in question were properly spot-checked as part of the regular periodic testing procedure." The record, however, shows that this representation is incorrect; there was no certificate offered or admitted concerning the checking of the ampoules, and objections were made on that basis in both courts. The first objection was made by a motion to strike immediately after the breathalyzer readings were admitted.
[3] The Law Division has more limited jurisdiction. Under Rule 3:23-8(a) it could have admitted the additional evidence only by holding a full new plenary hearing, after determining that "the rights of defendant were prejudiced below." It also could have remanded for a new trial. The Rule further authorizes the Law Division merely to supplement the record and admit additional testimony only in three instances: if the municipal court erred in excluding evidence offered by the defendant; if the State offers rebuttal evidence to rebut such supplemental evidence offered by defendant; or if the record is unintelligible or deficient. These exceptions are not applicable in the case before us.
[4] We reiterate that under State v. Dickens, supra, a timely objection must have been made for a defendant to have raised the lack of the certificate of testing of the ampoules. For there to be a new trial ordered in such an instance, it must be clear that the court erred in determining that the proof was not necessary, and the State must have been in a position to have offered the proof. Otherwise the conviction would have been in error on the basis of insufficient evidence, and a motion for judgment of acquittal could be granted.