STATE OF NEW JERSEY v. CLIFFORD VAN SYOC, DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided September 23, 1988.

464

*Clifford Van Syoc,* Esq., *pro se,* attorney for the defendant.

*Frederick Martin,* Esq., Assistant Prosecutor, argued the cause for the State of New Jersey; *(Samuel Asbell,* Camden County Prosecutor, attorney.)

STEINBERG, J.S.C.

The defendant was charged with speeding in the Township of Cherry Hill. Trooper Stephen J. Cozzi testified that on Decem-

ber 3, 1987 he was operating a K-55 radar unit on Interstate 295. He stated that he observed the defendant traveling on Interstate 295 and activated his toggle switch and received two readings of 77 miles an hour. He therefore stopped the defendant and charged him with speeding in violation of *N.J.S.* 39:4-98.

At the trial in Cherry Hill Municipal Court Trooper Cozzi did not testify that the radar unit was in a manual position. The defendant, an experienced attorney, failed to object.

After the evidence was in, the defendant, for the first time, challenged the radar reading and argued that the State failed to prove that the radar unit was operated in the manual mode and, therefore, asked for a dismissal of the complaint. The trial court implicitly rejected this argument and found the defendant guilty.

At the trial *de novo* on the record pursuant to *R*.3:23-8(a) the defendant conceded that he failed to object to the introduction into evidence of the radar reading. He claimed that he felt it was the obligation of the State to produce evidence of the fact that the radar unit was in the manual mode, and that if that evidence is not supplied the complaint must be dismissed even though he did not object to the radar reading. Obviously, had a timely objection been made, the State would have been in a position to cure the alleged defect.

It is true that *State v. Wojtkowiak* 174 *N.J.Super.* 460 (App.Div.1980) does require the unit to be operated in the manual position at all times. Therefore, had a timely objection been made, the radar reading should have been excluded in the absence of the laying of a proper foundation that the unit was in the manual mode. I am satisfied that the defendant, an experienced trial attorney, failed to object because he perceived a tactical advantage by failing to object.

Trial errors which are induced, encouraged or acquiesced in, or consented to by defense counsel ordinarily are not a basis for a reversal on appeal. *State v. Harper*, 128 *N.J.Super.* 270

(App.Div.1974), *certif. den.* 65 *N.J.* 574 (1974), *State v. Freeman,* 223 *N.J.Super.* 92 (App.Div.1988) and *State v. Richardson,* 208 *N.J.Super.* 399 (App.Div.1986). It does not follow that merely because an error was occasioned by the intentional or purposeful acts of defense counsel, a reversal on such grounds is automatically foreclosed. *State v. Harper,* supra, 128 *N.J. Super.* at 277. The question is whether the particular error "cut mortally into the substantive rights of the defendant". *Id.* at 277 and *State v. Corsaro,* 107 *N.J.* 339 (1987). Ordinarily, where the action complained of after the fact was reasonably thought to secure a trial or tactical advantage for the defendant it is not so egregious as to mandate a reversal on appeal. *State v. Harper,* supra, 128 *N.J.Super.* at 277.

In this case, I am satisfied that the defendant, an experienced trial attorney, knew he had a right to object to the radar reading before it was admitted into evidence because the officer failed to testify that the radar unit was in the manual position. See *State v. Wojkowiak,* supra, 174 *N.J.Super.* at 463. I am further satisfied that the defendant failed to object because he felt that he was thereby gaining a tactical advantage by waiting until the State rested and then making a motion to dismiss by virtue of the failure of the prosecution to establish that the radar unit was in the manual position. It is my conclusion that by failing to interpose a timely objection under these circumstances the defendant has waived his right to object. Had the defendant made a timely objection the State would have been in a position to question the officer as to whether the radar unit was in the manual mode prior to offering testimony as to the radar reading. See *State v. Dickens,* 130 *N.J.Super.* 73 (App. Div.1974) where it was held that a failure to object at the trial level to the admissibility of a Breathalyzer based upon the defendant's contention that the test ampoules were not made available to him precludes the defendant from raising the objection for the first time after the conclusion of the trial *de novo.* As the *Dickens* Court indicated, had the objection been timely made, the State would have had an opportunity to cure

any alleged defect and to present the necessary evidence. *Id* at 79.

I recognize the fact that in *Dickens* the objection was not made until after the conclusion of the trial *de novo* whereas in the present case the objection was raised before the trial court during the course of closing arguments by defendant. I do not believe that distinction requires a different result. The defendant in this case did not object to the radar reading as it was received into evidence and waited until closing argument for his own perceived tactical advantage. Although it may have been preferable for the trial court to permit the re-opening of testimony at that point to permit the State to supply the missing evidence, I do not believe the trial court was obliged to so so. Having failed to interpose a timely objection to the radar reading, the defendant waived his right to later complain of the failure of the State to present this evidence.

For the reasons above indicated the defendant is found guilty of speeding and shall pay a fine of Seventy Dollars ($70.00) and costs of Ten Dollars ($10.00).