**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3777-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALEXANDER STAFF,

     Defendant-Appellant.

_____

Submitted March 2, 2020 – Decided March 20, 2020

Before Judges Geiger and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Municipal Appeal No. 18-0024.

Alexander Staff, appellant pro se.

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Jason Magid, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Alexander Staff appeals his conviction for speeding, N.J.S.A. 39:4-98, following an appeal de novo in the Law Division. We affirm.

We glean the following facts from the record. At defendant's municipal court trial, the State presented testimony from Lieutenant James Abbott and Patrolman Brian Usher of the Somerdale Police Department. Abbott testified that on March 9, 2018, he was on patrol on Route 30 when he observed a motor vehicle traveling at a high rate of speed, which he estimated to be "in excess of the posted [forty-mile-per-hour] speed limit." He activated his radar unit, which provided a reading that the vehicle was traveling fifty-six miles per hour.[1] Based on this reading, Abbott initiated a motor vehicle stop and issued defendant a citation for speeding.

The municipal court judge found that both Abbott and Usher were credible, that Abbott testified "honestly, openly, [and] accurately," and that "Usher's testimony was clear, concise, and accurate." He also found that based

---

[1] Abbott also testified that he was a certified radar operator, and that he performed various tests to ensure that his radar unit was properly functioning before and after his shift on March 9, 2018. By way of example, he described a calibration procedure he performed using a twenty-mile-per-hour tuning fork and a fifty-mile-per-hour tuning fork, individually and then in combination with one another, to ensure that the radar unit's finding was "consistent with the proper reading." Further, Usher testified at the municipal trial that he was certified in radar operation and instruction and that he signed Abbott's radar operator card certifying him as a radar operator.

on Abbott's testimony, there was no "interference . . . with the proper operation of the radar unit."  As a result, the judge concluded that Abbott provided "uncontroverted testimony" that defendant was traveling fifty-six miles per hour, and that defendant's speed was "in excess of the speed limit posted," which he found was forty miles per hour.  As such, the municipal court judge found defendant guilty of speeding and assessed an $86 fine and $33 in costs.

Upon a trial de novo, the Law Division also found defendant guilty.  In its oral decision, the court noted that it "read all the transcripts, . . . the briefs, . . . [and] the case law," and determined the State established that defendant committed a speeding violation.  The court, however, amended the municipal judge's finding that defendant traveled at a rate of speed of fifty-six miles per hour to fifty-four miles per hour, which, according to the Law Division judge, would reduce defendant's penalty from four points on his driver's license to two. It also affirmed the fines and court costs imposed by the municipal court.  On appeal, defendant argues that:

> POINT I
>
> THE COURT ERRED WHEN IT DENIED DEFENSE REQUESTS TO TAKE PICTURES OF THE RADAR OPERATING MANUAL DUE TO "COPYRIGHT."
>
> POINT II

THE COURT ERRED WHEN IT DENIED DEFENSE REQUESTS FOR ALL ENGINEERING AND SPEED STUDIES USED TO SET THE SPEED LIMIT AT THE LOCATION OF THE ALLEGED VIOLATION.

POINT III

THE COURT ERRED WHEN IT DIRECTED DEFENDANT TO FILE A MOTION IN WRITING BUT ALLOWED THE STATE TO RESPOND ORALLY AT A MOTION TO COMPEL HEARING.

POINT IV

THE COURT SHOULD HAVE GRANTED A POSTPONEMENT WHEN [THE] STATE BROKE THE RULES OF COURT.

POINT V

THE COURT ERRED WHEN IT ALLOWED [THE] STATE TO ADMIT TUNING FORK CERTIFICATES NOT PROVIDED TO [THE] DEFENSE UNTIL MID-TRIAL.

POINT VI

[THE] COURT ERRED WHEN IT ALLOWED PTL. BRIAN USHER TO TESTIFY.

POINT VII

THE COURT ERRED WHEN IT WOULD NOT ALLOW [THE] DEFENSE TO ADMIT EXHIBITS INTO EVIDENCE.

POINT VIII

THE COURT ERRED WHEN IT ADMITTED [THE] STATE'S INCOMPLETE RADAR OPERATING CERTIFICATE UNSIGNED BY THE DECLARANT.

POINT IX

CONFLICTING TESTIMONY FROM THE CITING OFFICER SHOWS REASONABLE DOUBT CONCERNING DEFENDANT'S SPEED.

Having reviewed the record in light of the parties' arguments and the applicable legal standards, we affirm. To the extent we do not address any of defendant's arguments, it is because we consider them sufficiently without merit to require discussion in a written opinion. R. 2:11-3(e)(2). We offer only the following brief comments.

Our review of the trial court's factual findings is limited to whether the conclusions of the Law Division "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). The rule of deference is more compelling where, such as here, the municipal and Law Division judges made concurrent findings as to the critical issue challenged on appeal, i.e., that defendant was speeding. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and

A-3777-18T4

credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citing Midler v. Heinowitz, 10 N.J. 123, 128–29 (1952)). We owe no deference to the trial judge's legal conclusions. Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990)).

In his merits brief, defendant raises a number of procedural arguments contending that the municipal judge's rulings on various discovery and trial issues should result in the reversal of his conviction. We conclude that any alleged individual or cumulative error in the discovery process did not amount to an abuse of discretion by the municipal judge, as there is no evidence that material and exculpatory proofs were withheld or inaccessible to defendant. See State v. Enright, 416 N.J. Super. 391, 404 (App. Div. 2010) (applying an abuse of discretion standard to "the trial court's denial of defendant's discovery requests"). Further, any delay in the identification of Usher as a witness or of any other evidence was addressed by the municipal judge by way of permitting a postponement.

Defendant also contends that Abbott's testimony regarding his visual estimation of defendant's speed was inconsistent with defendant's independent calculations of his rate of speed based on "distance and time traveled" prior to

6

the traffic stop. Even if Abbott's visual estimate failed to comport precisely with defendant's calculations, the record establishes that both the municipal court and Law Division relied upon Abbott's testimony, which the municipal court deemed credible, and the radar unit's findings to conclude that defendant exceeded the speed limit.[2]

In State v. Wojtkowiak, 174 N.J. Super. 460, 463 (App. Div. 1980), we set forth the foundation necessary to admit radar readings. The State must present "(1) the specific training and extent of experience of the officer operating the radar, (2) the calibration of the machine in which at least two external tuning forks both single and in combination should be employed, and (3) the calibration of the speedometer of the patrol car." Ibid. It is clear from the record that the State satisfied each required element to admit the findings from Abbott's radar unit to determine that defendant was speeding.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] No party has challenged that portion of the Law Division judge's decision that defendant exceeded the speed limit by traveling at fifty-four miles per hour as opposed to fifty-six miles per hour. We accordingly consider any challenge to that finding waived. See N.J. Dep't of Env. Prot. v. Alloway Twp., 438 N.J. Super. 501, 506 n.2 (App. Div. 2005).

A-3777-18T4