NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2790-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

WESLEY CLAY,

 Defendant-Appellant.

________________________________

 Submitted May 16, 2017 – Decided August 14, 2017

 Before Judges Sumners and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Somerset County, Municipal
 Appeal No. 26-15-C.

 Mitchell E. Ignatoff, attorney for appellant.

 Michael H. Robertson, Somerset County
 Prosecutor, attorney for respondent
 (Alexander Mech, Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM

 Defendant Wesley Clay entered a conditional guilty plea in

Bound Brook Borough Municipal Court to driving while intoxicated

(DWI), N.J.S.A. 39:4-50, specifically preserving his right to
appeal the denial of his motion seeking discovery of the New Jersey

State Police Manual (NJSP Manual) governing the administration of

standardized field sobriety tests. In his trial de novo appeal

to the Law Division, defendant also contended that his plea should

be vacated because he failed to give a factual basis for DWI. For

the reasons that follow, we affirm.

 Defendant was arrested and charged with DWI by a New Jersey

State Trooper. Prior to trial, defendant requested that the State

provide him with a copy of the NJSP Manual. When the State did

not comply with the request, defendant filed a motion with the

municipal court. The municipal court initially denied the request

on the belief that the NJSP Manual was available to the public on

the internet; however, once defendant discovered that the manual

was not available, he filed a reconsideration motion. The

municipal court acknowledged that it was mistaken about the

availability of the NJSP Manual, yet denied reconsideration. After

expressing concern about whether the state trooper who

administered the field sobriety tests to defendant received
 1
training based upon the NJSP Manual, the municipal court

determined that the NJSP Manual was not relevant because defendant

1
 It was later stipulated that the state trooper had received New
Jersey State Police field sobriety test training prior to
administering the test to defendant.

 2 A-2790-15T4
was not solely charged due to a failed field sobriety test. The

state trooper also charged defendant based upon observation of

defendant's driving, defendant's watery eyes, the smell of alcohol

on defendant's breath, and the breathalyzer results above the

legal limit.2

 A week after the reconsideration motion was denied, defendant

entered his conditional plea to DWI, his third such offense. To

establish a factual basis for DWI, the following colloquy took

place:

 THE COURT: Okay. On October 15, 2014[,] were
 you driving here in Bound Brook?

 DEFENDANT: Yes, I was.

 THE COURT: . . . before you were driving in
 Bound Brook had you imbibed any alcoholic
 beverages?

 DEFENDANT: Yes.

 . . . .

 THE COURT: All right. Can you give me any
 estimate as to how many beers there were? And
 I'm – don't think I'm holding you to it as far
 as –

 DEFENDANT: Yeah, I'm not really sure on that
 because I -- probably -- maybe three beers,
 four beers at the most.

2
 According to the record, defendant had a blood alcohol content
of .19, which is well above the .08 limit set forth in N.J.S.A.
39:4-50(a).

 3 A-2790-15T4
 THE COURT: Okay. And did the beer that you
 imbibed, did that affect your capability of
 driving an automobile?

 DEFENDANT: No.

 THE COURT: No?

 DEFENDANT: Not normally. Yeah
 (Indiscernible) -- I guess I probably --
 obviously does everybody, yeah.

 . . . .

 THE COURT: Okay. And after you drank these
 beers you got into your automobile and then
 . . . you were pulled over by the Bound Brook
 Police.

 DEFENDANT: Well[,] I went down and picked up
 some pizza and food [] for the friend. And I
 was bringing it back there, just across town,
 and came back. And before I got back to the
 house[,] I got pulled over.

 The municipal court then explained to defendant the jail

term, loss of driving privileges, fines and penalties that would

be imposed for his third DWI offense. Based upon the court's

inquiry, defendant indicated that he was entering his plea freely,

voluntarily, without coercion and not under the influence of any

alcohol or drugs affecting his decision to enter his plea.

 Defendant appealed his DWI conviction to the Law Division.

He argued that the municipal court erred in denying his discovery

motion and accepting his guilty plea without a factual basis as

 4 A-2790-15T4
to the time he drank beer and that it affected his ability to

drive.

 Following a trial de novo on the record, Judge Bruce A. Jones,

issued an order and written decision on January 4, 2016, denying

defendant's appeal. The judge reasoned that pursuant to State

v. Robertson, 438 N.J. Super. 47, 66 (App. Div. 2004), and State

v. Ford, 240 N.J. Super. 44, 48 (App. Div. 1990), defendant was

not entitled to discovery of the NJSP Manual because the field

sobriety test was not relevant and it did not affect his guilty

plea. The judge recognized, as did the municipal court, that the

DWI charge was not solely based on the field sobriety test, but

also upon the state trooper's observation and the breathalyzer

result. Thus, the judge concluded, "[t]here is no reasonable

basis to assert that if the [NJSP] Manual was produced it would

have provided [] [d]efendant with a defense." In reviewing

defendant's plea colloquy, the judge was "satisfied that an

adequate factual basis was provided on the record to justify a

plea of guilty." This appeal followed.

 Before us, defendant reiterates the arguments that he was

entitled to a copy of the NJSP Manual and that he failed to provide

a factual basis for his guilty plea. We find no merit to either

contention.

 5 A-2790-15T4
 We review a court's denial of discovery requests under an

abuse of discretion standard. State v. Enright, 416 N.J. Super.

391, 404 (App. Div. 2010), certif. denied, 205 N.J. 183 (2011).

"[T]he liberal approach to discovery in criminal cases is

applicable in municipal court cases." State v. Stein, 225 N.J.

582, 594 (2016). A defendant, "on written notice to the municipal

prosecutor . . . shall be provided with copies of all relevant

material . . ." R. 7:7-7(b). "'Relevant evidence' is defined as

'evidence having a tendency in reason to prove or disprove any

fact of consequence to the determination of the action.'" State

v. Gilchrist, 381 N.J. Super. 138, 146 (App. Div. 2005) (quoting

N.J.R.E. 401). "In determining whether evidence is relevant, the

inquiry should focus upon 'the logical connection between the . .

. evidence and a fact in issue.'" State v. Darby, 174 N.J. 509,

519, (2002) (quoting State v. Hutchins, 241 N.J. Super. 353, 358

(App. Div. 1990)). Moreover, "[a] DWI defendant's 'right to

discovery . . . is limited to items as to which 'there is a

reasonable basis to believe will assist a defendant's defense.'"

State v. Robertson, supra, 438 N.J. Super. at 66 (citing State v.

Carrero, 428 N.J. Super. 495, 507 (App. Div. 2012) (quoting State

v. Ford, 240 N.J. Super. 44, 48 (App. Div. 1990))).

 Guided by these principles, we conclude there was no abuse

of discretion in denying defendant's discovery motion. Under

 6 A-2790-15T4
certain circumstances, it may be relevant whether a state trooper

acted in conformance with the NJSP Manual when administering a

field sobriety test. Here, however, the NJSP Manual was not

relevant to proving that defendant was guilty of DWI because the

State's proofs were based upon the state trooper's observation of

defendant's driving and physical appearance, and the breathalyzer

results. Thus, we discern no reason to disturb Judge Jones'

discovery ruling.

 Lastly, defendant contends that his conviction should be

vacated because he did not provide a factual basis for his DWI

guilty plea. In particular, he contends no facts were presented

during his plea colloquy indicating the time of day that he

consumed alcohol before he was pulled over and charged with DWI.

 In order to properly accept a plea of guilty, a municipal

court judge must address the defendant personally and must

determine "that the plea is made voluntarily with understanding

of the nature of the charge and the consequences of the plea and

that there is a factual basis for the plea." R. 7:6-2(a)(1).

Indeed, constitutional law requires that a guilty plea be entered

knowingly and voluntarily. Brady v. United States, 397 U.S. 742,

748, 90 S. Ct. 1463, 1468-69, 25 L. Ed. 2d 747, 756 (1970).

 After a careful review of the record, we find no basis to set

aside the DWI plea. Defendant was represented by counsel, and a

 7 A-2790-15T4
sufficient factual basis for the plea was developed. Defendant

admitted in his own words that his driving was affected because

he drank three to four beers before driving. Despite the fact

there was no indication of the time defendant consumed the beer,

the record supports a finding that defendant drove his vehicle

while under the influence of alcohol. We are mindful that

defendant's breathalyzer results were not stipulated at the plea

hearing. Nevertheless, we are satisfied that defendant's

admission of erratic driving adequately supported a guilty plea.

 Affirmed.

 8 A-2790-15T4