**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3962-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAFAEL R. VILORIO-RAMIREZ,

     Defendant-Appellant.

_____

Submitted December 10, 2018 – Decided March 4, 2019

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Municipal Appeal No. 17-17.

Miller, Meyerson & Corbo, attorneys for appellant (Gerald D. Miller, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Charles C. Cho, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Rafael Vilorio-Ramirez appeals from his trial de novo convictions of possessing an open container of alcohol in a motor vehicle, N.J.S.A. 39:4-51b, and driving while intoxicated (DWI), N.J.S.A. 39:4-50. Because the results of defendant's breathalyzer test were inadmissible due to lack of foundation, his conviction was based on the arresting police officer's observations of defendant and the presence of two allegedly opened bottles of alcohol in his car. We, however, are constrained to reverse because defendant's due process rights were violated when the State spoliated the evidence of the alcohol bottles.

I

The record reveals the following details. Around midnight on March 11, 2017, West New York Police Officer Carlos Henriquez testified that he and his partner[1] were investigating a report of a car blocking the driveway of a residence when they saw defendant sleeping in the driver's seat with the keys in the ignition and the engine running. After waking defendant, Officer Henriquez noticed a strong odor of alcohol coming from defendant's breath, and claimed that he saw two open bottles of alcohol – wine and vodka – in the car. Concluding defendant was giving inconsistent responses to his questions,

---

[1] The record only reveals that his last name is Angers, spelled phonetically.

Officer Henriquez asked defendant to step out of the car and detected what appeared to be fresh vomit on the car. Adding to Officer Henriquez's belief that defendant was intoxicated was his observation that defendant had droopy eyelids, and bloodshot and watery eyes. According to Officer Henriquez, defendant stated that he had three beers that evening. Defendant was arrested for DWI after he failed a horizontal gaze nystagmus (HGN) test and a field sobriety test. He was charged with DWI after being given a breathalyzer test.[2]

At the trial, the municipal court judge granted defendant's motion to suppress the breathalyzer results due to lack of foundational documents. Additionally, the bottles of alcohol were not admitted into evidence as Officer Henriquez testified that it was his police department's "policy" not to retain alcohol related to an offense.

Defendant and his wife, who picked him up from the police station when he was released from custody, both testified. Defendant stated he was a block away from the condominium, which he and his wife had sold a few days earlier, where he was going to retrieve two grills left behind in the backyard that would

---

[2] Defendant was also issued summonses for uninsured vehicle, N.J.S.A. 39:6B-2, DWI in a school zone, N.J.S.A. 39:4-50(g)(1), and parking in front of a driveway without the owner's permission, N.J.S.A. 39:4-138(d). The first two charges were dismissed, and he was found not guilty of the last charge.

A-3962-17T1

be discarded by the new owners if they were not picked-up. According to defendant, he pulled his car over to park in order to take his medication for high blood pressure, diabetes, and cancer. Defendant stated that after turning the car off and taking the key out of the ignition, he fell asleep because he was fatigued from working two jobs during the previous two weeks.

Defendant testified he did not drink alcohol that evening and did not tell Officer Henriquez that he had three beers. He also denied vomiting, urinating or that he was given a HGN test, as Officer Henriquez alleged. In regards to the bottles of alcohol, he explained they were purchased that day because his wife wanted to celebrate the sale of their condominium, and asserted they were unopened and in a bag with his purchase receipt. He claimed Officer Henriquez confiscated them and poured out the contents of each bottle, right in front him.

Defendant's wife testified that when she picked up defendant at the police station upon his release between 2:00 a.m. and 2:30 a.m., he did not smell of alcohol or appear to be drunk. She did not smell or see vomit on his clothing. She also confirmed that she had asked him to buy the alcohol to celebrate the sale of their condominium. She further stated that surgeries on both of her husband's knees affects his mobility when he walks a lot.

A-3962-17T1

In reaching their respective findings, both the municipal court and Law Division judges found Officer Henriquez's testimony credible. However, neither judge made credibility findings with respect to the testimony of defendant or his wife.

Significantly, the Law Division judge was disturbed by the State's failure to produce the wine and vodka bottles as evidence. He stated: "[I]t [was] completely in bad faith that [the West New York Police Department's Policy does not] preserve [the] evidence. That absolutely vitiates a defendant's due process rights to properly defend himself." The judge expressed further dismay that, at the least, a cell phone picture of the bottles showing they were opened and containing less than their full amounts could have been, but was not, taken at the time of defendant's arrest.

Despite finding that a negative inference should be drawn due to the State's spoliation of the alcohol bottles, the Law Division judge, on de novo review, nonetheless ruled there was sufficient evidence to find defendant guilty of DWI and possession of an open container of alcohol based solely upon Officer Henriquez's observations. On the other hand, the judge refused to draw a negative evidence on Officer Henriquez's failure to use the mobile vehicle recording device (MVR) equipped on his patrol car to record defendant's

5

conduct while he was being questioned and performing the field sobriety tests. The judge found there was no merit to defendant's argument that the $25 fine imposed for a DWI, which goes to the cost of equipping police vehicles with a MVR, established an obligation on Officer Henriquez to record defendant's DWI arrest. In the absence of a MVR, the judge found credible Officer Henriquez's testimony that defendant was intoxicated based on observation, despite "some evidence that it was cold that night, [defendant] was sleeping and possibly disoriented, [and defendant] suffered from medical issues[.]

## II

In this appeal, defendant makes two arguments. First, he argues that both of his convictions should be reversed because he was denied due process of the law when the State destroyed evidence of the two bottles of alcohol. Second, he argues for reversal of his DWI conviction because a negative inference should have been drawn by the failure of Officer Henriquez to record his conduct prior to his arrest. We initially address defendant's second argument because it can be resolved briefly.

Lack of Evidence - MVR Recording

As the Law Division judge stated, there is no legal requirement, be it state law or guidelines governing the West New York Police Department, which

6

required Officer Henriquez to activate the MVR to memorialize the roadside investigation that resulted in defendant's probable cause arrest for possible DWI. In many situations involving charges of DWI as well as other offenses, the technology of MVRs has demonstrated to be a useful qualitative aid in determining the factual issues presented to the trial courts as well as issues on appeal. See North Jersey Media Group, Inc. v. Township of Lyndhurst, 229 N.J. 54, 575-76 (2017) ("[MVR] recordings, made while an event unfolds, protect the public and police alike in that the videos can expose misconduct and debunk false accusations.") And we have little doubt that the use of the MVR in this case could have meaningfully aided the trier of fact in determining the respective credibility of Officer Henriquez and defendant's testimony, as well as aiding us in our decision resolving the issue before us.

That said, we cannot sustain defendant's argument that a negative inference should be drawn from the failure of Officer Henriquez to activate the MVR when there was no legal obligation to do so. Of course, had a recording been created and was not made available to defendant, we might surely have a different view of the prosecution's conduct, depending on the cause of the recording's unavailability.

Destruction of Evidence - Alcohol Bottles

A-3962-17T1

Fundamental principles of due process generally require the State to disclose exculpatory evidence. Brady v. Maryland, 373 U.S. 83, 87 (1963); see also State v. Carrero, 428 N.J. Super. 495, 516-18 (App. Div. 2012) (applying Brady to quasi-criminal motor vehicle violations).

A Brady violation occurs when the prosecution suppresses evidence that is both material and favorable to the defense. State v. Martini, 160 N.J. 248, 268 (1999). "Evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" State v. Robertson, 438 N.J. Super. 47, 67 (App. Div. 2014) (quoting State v. Knight, 145 N.J. 233, 246 (1996)). "When the evidence withheld is no longer available, to establish a due process violation a defendant may show that the evidence had 'an exculpatory value that was apparent before [it] was destroyed' and that 'the defendant would be unable to obtain comparable evidence by other reasonably available means.'" State v. Mustaro, 411 N.J. Super. 91, 102-03 (App. Div. 2009) (quoting California v. Trombetta, 467 U.S. 479, 489 (1984)) (alteration in original). Suppression of exculpatory evidence violates due process regardless of whether the prosecutor acted in bad faith. Knight, 145 N.J. at 245.

A different standard, however, applies to evidence that is only potentially useful. "Without bad faith on the part of the State, 'failure to preserve potentially useful evidence does not constitute a denial of due process of law.'" George v. City of Newark, 384 N.J. Super. 232, 243 (App. Div. 2006) (quoting Arizona v. Youngblood, 488 U.S. 51, 57 (1988)); see also State v. Marshall, 123 N.J. 1, 109 (1991) (applying Youngblood's bad faith standard); Mustaro, 411 N.J. Super. at 103. When evidence has been destroyed, the court must focus on "(1) whether there was bad faith or connivance on the part of the government; (2) whether the evidence . . . was sufficiently material to the defense; [and] (3) whether [the] defendant was prejudiced by the loss or destruction of the evidence." State v. Hollander, 201 N.J. Super. 453, 479 (App. Div. 1985) (citations omitted).

In addition to the dictates of due process, our discovery rules impose obligations upon the State to preserve and produce evidence to a defendant. See R. 3:13-3 (governing criminal proceedings in Superior Court); R. 7:7-7 (governing municipal court proceedings). In Robertson, where we reviewed the scope of allowable discovery, we held:

> A DWI defendant's "right to discovery . . . is limited to items as to which 'there is a reasonable basis to believe will assist a defendant's defense.'" [Carrero, 428 N.J.

Super. at 507] (quoting State v. Ford, 240 N.J. Super. 44, 48 (App. Div. 1990)).

A defendant is not entitled to information that "merely could lead to other information that is relevant." Ibid. (citing [State v.] Maricic, 417 N.J. Super. [280,] 284, [(App. Div. 2010);] Ford, 240 N.J. Super. at 48). Discovery "must be relevant in and of itself." Carrero, 428 N.J. Super. at 508. "However, at least with respect to certain classes of information," including repair records, "a DWI defendant need not have actual knowledge of the facts supporting the contentions that underlie his discovery requests."

[438 N.J. Super. at 66-67.]

A person is deemed to have been driving while intoxicated if that person "operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug[.]" N.J.S.A. 39:4-50. Intoxication may be proven by evidence of a defendant's physical condition. State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003). "The statute does not require as a prerequisite to conviction that the accused be absolutely 'drunk' in the sense of being sodden with alcohol. It is sufficient if the presumed offender has imbibed to the extent that his physical coordination or mental faculties are deleteriously affected." State v. Nemesh, 228 N.J. Super. 597, 608 (App. Div. 1988) (quoting State v. Emery, 27 N.J. 348, 355 (1958)). In State v. Morris, 262 N.J. Super. 413, 416, 421 (App. Div. 1993), we upheld a DWI

conviction, finding that slurred speech, disheveled appearance, bloodshot eyes, alcoholic odor on the breath and abrasive demeanor were evidence of the defendant's intoxication.

Applying these principles, we agree with the Law Division judge's finding that the implementation of the West New York Police Department's policy calling for the destruction of the critical evidence of the two bottles of alcohol constituted "bad faith," thereby depriving defendant of his due process rights. However, we must depart from the judge's finding that the destruction of evidence is overcome by the determination that Officer Henriquez's "credible" testimony that defendant was intoxicated while driving and possessed two bottles of open alcohol. Thus, both convictions should be reversed.

The destruction of the alcohol bottles prevented the defense from establishing his assertion that the bottles were unopened, lending support to defendant's testimony that he had not been drinking that evening and was not in possession of open containers of alcohol. Thus, the destruction was sufficiently material to the defense and, as such, defendant was prejudiced by the State's loss or destruction of the evidence.

We are further troubled by the fact that the Law Division judge, in deciding defendant's appeal of the municipal court conviction on de novo

A-3962-17T1

review, did not make credibility assessments of the testimony provided by defendant, as well as his wife, in finding defendant guilty of the two offenses. Defendant testified that: his inability to perform the field sobriety test was due to his knee surgeries and fatigue; he did not urinate in front of the police; he did not vomit; and he was not given the HGN test. His wife testified regarding the lack of vomit on his clothes and that he lacked any indication of being drunk. The Law Division judge was required to assess their credibility, not this court. State v. Locurto, 157 N.J. 463, 471 (1999).

Accordingly, for these multiple reasons, we are constrained to reverse defendant's convictions.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3962-17T1