**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0634-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUDY THORPE,

     Defendant-Appellant.

_____

Submitted[1] June 3, 2025 – Decided July 15, 2025

Before Judges Sumners and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 008-22.

Judy Thorpe, appellant pro se.

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant

---

[1] Defendant requested oral argument but failed to appear at argument scheduled for June 3, 2025, and failed to respond to our inquiries that day and thereafter regarding her failure to appear. Thus, our opinion is based on the written submissions of the parties.

Prosecutor, of counsel; Olivia Christy, Legal Assistant, on the brief).

PER CURIAM

After conducting a trial de novo on defendant's municipal appeal, the Law Division judge found defendant's guilty plea to obstructing traffic, N.J.S.A. 39:4-67, was valid and enforceable. The judge issued the same sentence imposed by the municipal court consisting of a $57 fine and $33 in court costs. Defendant appeals the Law Division judge's determination asserting:

> IT WAS MANIFEST ERROR AND SIGNIFICANTLY PREJUDICIAL FOR THE MUNICIPAL COURT AND LAW DIVISION TRIAL COURT TO IMPOSE A WRONGFUL SENTENCE [] FOLLOWING MY NOVEMBER 14, 2021 CITATION FOR AN ALLEGED VIOLATION[.] I APPELLANT [] WAS ENTITLED TO A FAIR TRIAL TO DISPUTE IT. HOWEVER, THE MUNICIPAL COURT AND LAW DIVISION TRIAL COURTS DENIED MY CONSTITUTIONAL RIGHTS INCLUDING, BUT NOT LIMITED TO, RECEIVING COMPLETE DISCOVERY, WITNESSES AND TO BE REPRESENTED BY AN ATTORNEY AND PLEA OFFER MADE UNDER FALSE PREMISES.

We conclude defendant's arguments lack merit and affirm substantially for the reasons expressed by the Law Division judge in his thorough and cogent written decision.

I.

On November 14, 2021, Officer Sean Foley of the Freehold Township Police Department issued defendant a motor vehicle summons citing her with failure to change lanes for an emergency vehicle, NJ.S.A. 39:4-92. Defendant retained counsel and the State provided discovery to defendant's counsel. During counsel's representation, defendant rejected the State's plea offer to an amended charge of obstructing traffic, N.J.S.A. 39:4-67, and its recommendation of a $57 fine and $33 in court costs.

Prior to a March 8, 2022 court appearance before the municipal court, defendant discharged her counsel. At defendant's appearance, the judge granted her request to adjourn the matter to provide defendant time to find new counsel and review discovery.

Thereafter, the self-represented defendant propounded an additional request for discovery to the municipal prosecutor. The State re-issued discovery to defendant, including a copy of the summons, Foley's notes, a body worn camera video, a mobile video recorder (MVR), and, according to the State, "additional body worn camera footage that was not relevant."

On April 13, defendant appeared self-represented in the Freehold Township Municipal Court for trial. Before starting trial, the State asserted it

met with defendant and offered to assist her in viewing video discovery. Defendant allegedly refused the offer of assistance and again rejected the State's plea offer. Thereafter, the State informed the court it was ready to proceed to trial. Defendant requested additional body camera video because she believed that the previously provided video was "not the correct footage." According to defendant, the video provided was "inconsistent with [her] experience and perception of the events."

The court denied defendant's request. The court explained to defendant that her options were: (1) have a trial where she would represent herself, or (2) plead guilty pursuant to the agreement offered by the State.

Defendant elected to plead guilty to an amended charge of obstructing traffic, N.J.S.A. 39:4-67, admitting on November 14, 2021 she obstructed traffic on Route 9. The court imposed the recommended $57 fine and $33 in court costs against defendant.

Defendant appealed to the Law Division. After hearing arguments and reviewing the case de novo, the judge stated that defendant "claims she did not receive discovery of the complete evidence in [her] case." The judge found the prosecutor to be "extraordinarily accommodating" by "outlin[ing] each item of discovery he provided to defendant" and "even attempt[ing] to assist defendant

4

in viewing the videos" though defendant "refused to watch them." The judge considered it "significant if not dispositive to defendant's claim that she did not dispute any of the prosecutor's representations . . . regarding the extensive discovery provided to her."

The judge also considered defendant's claim that "complete discovery would [have] influence[d] the outcome," namely, the "documents [and] evidence." He rejected this argument, finding defendant "fail[ed] to state with any specificity what discovery she was denied or how it would have affected the outcome." Regarding defendant's argument that she wanted to call three officers to testify who were not present, the court found "the fact that the three officers were not in the courtroom when the trial was scheduled did not affect defendant's ability to call them as witnesses if she chose to go to trial," and, instead "defendant chose to accept the plea offer, . . . voluntarily waiv[ing] her right to trial."

Ultimately, the judge found because "defendant never challenged the prosecutor's statement on the record detailing all of the discovery provided to her on two occasions, her discovery claim lacks merit." The judge concluded this was the "only issue raised at [the] trial de novo," and thereafter found

5

defendant guilty of obstructing traffic and imposed the same sentence as the municipal court.

## II.

"Discovery in a municipal court case, like in a criminal case, 'is appropriate if it will lead to relevant' information." State v. Stein, 225 N.J. 582, 596 (2016) (quoting State v. Hernandez, 225 N.J. 451, 461 (2016)). We afford the court substantial deference and will not overturn its decision "absent an abuse of discretion[,]" Stein, 225 N.J. at 593, meaning that the decision is "well 'wide of the mark,' or 'based on a mistaken understanding of the applicable law[,]'" Hernandez, 225 N.J. at 461 (citations omitted). "Our review of the meaning or scope of a court rule is de novo [and] we [will] not defer to the interpretations of the trial court . . . unless we are persuaded by [the trial court's] reasoning." State v. Tier, 228 N.J. 555, 561 (2017) (citing Hernandez, 225 N.J. at 461). Rule 7:7-7(b) mandates that the State provide defendants with all relevant discovery in its custody or control. Hernandez, 225 N.J. at 463.

Pursuant to N.J.R.E. 401, relevance is defined as any "evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." "Relevance is measured in terms of the opportunity of the defendant to present a complete defense." State v. Desir, 245 N.J. 179,

193 (2021) (quoting <u>Pressler & Verniero</u>, Current N.J. Court Rules, cmt. 3.2 on <u>R.</u> 3:13-3 (2023)).  In that regard, discovery is also appropriate for "material evidence affecting [the] credibility of a state's witness whose testimony may be determinative of guilt or innocence."  <u>Hernandez</u>, 225 N.J. at 462 (quoting <u>State v. Carter</u>, 69 N.J. 420, 433 (1976)).  Nonetheless, prosecutors are only obligated to produce relevant documents within the State's "possession, custody or control."  <u>R.</u> 7:7-7(b)(6).  Moreover, "[w]hile our system recognizes a defendant's right to have complete discovery, 'allowing a defendant to forage for evidence without a reasonable basis is not an ingredient of either due process or fundamental fairness in the administration of the criminal laws.'"  <u>State v. Maricic</u>, 417 N.J. Super. 280, 284 (App. Div. 2010) (quoting <u>State v. Ford</u>, 240 N.J. Super. 44, 49 (App. Div. 2010)).

In <u>State v. Brown</u>, our Supreme Court held that a defendant's due process rights are violated when: "(1) the evidence at issue [is] favorable to the [defendant], either as exculpatory or impeachment evidence; (2) the State must have suppressed the evidence, either purposely or inadvertently; and (3) the evidence must be material to the defendant's case."  236 N.J. 497, 518 (2019) citing <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

7

We conclude the undisputed record clearly shows the municipal prosecutor never had knowledge, possession, custody, or control of any other MVR recording of the events and turned over complete discovery to defendant. We further conclude the record does not provide any proofs that any such evidence was improperly withheld by the State. In addition, even if the evidence existed, defendant failed to provide sufficient reasons concerning how the evidence would have shown she was not guilty of the charged violation. Accordingly, the Law Division judge committed no error, much less reversable error.

To the extent we have not specifically addressed any of defendant's remaining legal arguments we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0634-22